## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARK BOCHRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21 C 3887 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| UNITED STATES DEPARTMENT | ) | |
| OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Mark Bochra brings this lawsuit against the United States Department of

Education ("the Department"),[1] alleging that its Office for Civil Rights ("OCR") mishandled his

discrimination and retaliation complaint against Florida Coastal School of Law.  Bochra alleges

that OCR violated the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq.*, by: (1)

failing to properly consider his OCR complaint; (2) adopting the International Holocaust

Remembrance Alliance ("IHRA") definition of anti-Semitism; and (3) revising its Case

Processing Manual ("Manual") without public notice and comment (Counts I–V).  Bochra also

brings a claim for a procedural due process violation (Count VI).  The Department moves to

dismiss.

Because Bochra could sue the law school under Title VI, he cannot proceed under the

---

[1] Bochra also names as defendants Miguel Cardona, Secretary of Education, in his official capacity, and
Suzanne Goldberg, Acting Assistant Secretary for the Department's Office for Civil Rights, in her official
capacity.  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the
entity."  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471–72
(1985).  "An action against federal officers or employees in their official capacities is really an action
against the United States that requires its consent."  *June v. United States*, No. 3:04-CV-250-TS, 2005
WL 8170622, at *4 (N.D. Ind. Sept. 30, 2005) (dismissing *pro se* complaint against federal employees in
their official capacities).  Because Bochra has sued the Department, the Court dismisses with prejudice all
claims against Cardona and Goldberg in their official capacities and terminates those Defendants.

APA, and this Court lacks subject matter jurisdiction over his claims of a mishandled OCR complaint.  Bochra lacks standing to bring claims based on the IHRA definition or changes to the Manual that did not affect him; thus, the Court dismisses those claims.  Additionally, because the Manual change creating a page limit for written appeals is procedural rather than substantive, Bochra fails to state a claim under the APA.  Finally, Bochra does not plead a constitutionally protected property or liberty interest, and further cannot allege a lack of due process, therefore his procedural due process claim fails.  Because amendment would be futile, the Court dismisses Bochra's first amended complaint with prejudice.  Civil case terminated.

## BACKGROUND[2]

In 2015, Bochra enrolled in Florida Coastal School of Law.  In 2016, Bochra filed an administrative complaint with OCR against the school, alleging national origin discrimination and retaliation based on the school's treatment of him during a grade dispute and discipline related to his conflicts with other law students.  OCR investigated Bochra's complaint and attempted to mediate a resolution, which failed.  After interviewing witnesses, and reviewing documents and correspondence, OCR concluded that there was insufficient evidence to support the allegations of discrimination and retaliation.  OCR denied Bochra's appeal of that decision. Bochra then filed this lawsuit.

---

[2] The Court takes the facts from Bochra's first amended complaint (Doc. 9) and exhibits attached thereto, and presumes them to be true for the purpose of resolving the Department's motion to dismiss.  *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) (Rule 12(b)(6)); *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (Rule 12(b)(1)).  The Court also reviewed Bochra's administrative complaint and the OCR's administrative findings and decision on appeal, which the Department attached to its motion to dismiss.  Although the Court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment, *Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018), the Court may consider "documents that are central to the complaint and are referred to in it" in ruling on a motion to dismiss, *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).  The Court "may also take judicial notice of matters of public record."  *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1043–44 (7th Cir. 2019).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The standard of review for a Rule 12(b)(1) motion to dismiss depends on whether the defendant raises a facial or factual challenge. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). If, as here, a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction—a facial challenge—the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences" in the plaintiff's favor. *Id.* "[W]hen evaluating a facial challenge to subject matter jurisdiction," the Court employs the *Twombly–Iqbal* "plausibility" standard, "which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Id.* at 174.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court construes Bochra's complaint liberally because he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally

construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

**ANALYSIS**

## I. APA Claims (Counts I–V)

### A. OCR's Handling of Bochra's Complaint

The Department argues that Bochra cannot bring APA claims against the Department based on its alleged mishandling of his complaint because he has an adequate, alternate remedy under Title VI: a lawsuit against Florida Coastal School of Law for allegedly discriminating and retaliating against him. The APA allows "a limited cause of action for parties adversely affected by agency action." *Oryszak v. Sullivan*, 576 F.3d 522, 525 (D.C. Cir. 2009) (citation omitted). When a plaintiff can bring suit directly against the regulated entity, he cannot seek relief from the federal agency under the APA. *See, e.g.*, *Coker v. Sullivan*, 902 F.2d 84, 89 (D.C. Cir. 1990) ("[T]he APA specifically provides that, if other remedies are adequate, federal courts will not oversee the overseer."); *Walsh v. United States Dep't of Veterans Affairs*, 400 F.3d 535, 537–38 (7th Cir. 2005) ("[U]nder the APA, judicial review is appropriate for an agency action only when 'there is no other adequate remedy in a court.'" (quoting *Bennett v. Spear,* 520 U.S. 154, 162, 175 (1997))). Bochra can sue Florida Coastal School of Law as the alleged discriminator and a recipient of federal funds under Title VI, therefore the APA bars him from bringing this suit against the Department. *See Alexander v. Sandoval*, 532 U.S. 275, 279 (2001) ("[P]rivate individuals may sue to enforce § 601 of Title VI and obtain both injunctive relief and damages."); *Women's Equity Action League v. Cavazos*, 906 F.2d 742, 751 (D.C. Cir. 1990) ("[I]mplied private rights of action against discriminating institutions were intended by Congress

to provide individual citizens effective protection against discriminatory practices." (citation omitted) (internal quotation marks omitted) (alterations omitted)); *Kirk v. United States Dep't of Just.*, 842 F.3d 1063, 1066 (7th Cir. 2016) (Because plaintiff could file a motion for the remedy sought, "5 U.S.C. § 704 forecloses resort to the APA."); *Salvador v. Bennett*, 800 F.2d 97, 99 (7th Cir. 1986) ("Title VI follows this model: . . . a complainant told that the agency will do nothing, however, may get 'review' not by suing the adjudicator but by pursuing the supposed offender.").

Bochra argues that his suit against the Department should not be barred because Florida Coastal School of Law was "shut down" by the Department of Education, and therefore this alternate remedy is illusory. Doc. 54 at 63. The Court notes that in 2021 the law school unsuccessfully sought reinstatement of its Title VI eligibility, *Fla. Coastal Sch. of Law, Inc. v. Cardona*, No. 3:21-CV-721-MMH-JBT, 2021 WL 3493311, at *27 (M.D. Fla. Aug. 9, 2021) (denying motion for temporary restraining order and/or preliminary injunction), and that its public website states it is in a "teach out" and not currently enrolling new students, https://fcsl.edu/ (last visited September 8, 2022). However, the school's status and even Bochra's practical ability to recover against it are irrelevant to the Section 704 analysis. *Garcia v. Vilsack*, 563 F.3d 519, 525 (D.C. Cir. 2009) ("The relevant question under the APA, then, is not whether private lawsuits against the third-party wrongdoer are as effective as an APA lawsuit against the regulating agency, but whether the private suit remedy provided by Congress is adequate."); *Women's Equity Action League*, 906 F.2d at 751 ("But under our precedent, situation-specific litigation affords an adequate, even if imperfect, remedy.").

With the APA, Congress carved out a narrow judicial review of agency decisions, relying on the general availability of private causes of action against federal-fund recipients. *Id.*

("Congress considered private suits to end discrimination not merely adequate but in fact the proper means for individuals to enforce Title VI and its sister antidiscrimination statutes."). This design maintains the separation of powers and retains executive and Congressional (rather than piece-meal judicial) oversight of federal agencies. *Council of & for the Blind of Del. Cnty. Valley, Inc. v. Regan*, 709 F.2d 1521, 1532 (D.C. Cir. 1983) (explaining that the APA does not "empower one district judge to act as supreme supervisor of the ORS's enforcement activities—a role more appropriately reserved for the Executive under the oversight of Congress"). The question is whether a plaintiff like Bochra has a private right of action against a federally funded school under Title VI—he does, *Women's Equity Action League*, 906 F.2d at 750 ("Plaintiffs have implied rights of action against federally-funded institutions to redress discrimination proscribed by Titles VI and IX.")—not the likelihood of success of any particular plaintiff's case, *Garcia*, 563 F.3d at 523 (A plaintiff may not seek review under the APA "where there is a private cause of action against a third party otherwise subject to agency regulation." (citation omitted)). Bochra chose to sue the Department rather than the law school; however, because he *could* have sued the school, the APA bars his claim. *Salvador*, 800 F.2d at 100 ("[Plaintiff] must be content with his own remedies against the accused discriminator.").

Bochra next argues that he lacks an adequate, alternate remedy because he cannot bring a disparate impact suit against the law school. However, Bochra's OCR complaint alleged intentional discrimination and retaliation, not disparate impact. Doc. 28-1 ("This is a federal civil rights complaint . . . reporting Florida Coastal School of Law for discrimination and retaliation . . . ."); *see Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 946 (D.C. Cir. 2004) (rejecting a similar argument because plaintiffs had a private right of action under Title VI). Bochra makes an additional argument about "bystander" rights, Doc. 54 at 64, but

6

Bochra filed his complaint as a victim of, not a witness to, discrimination and retaliation, *see* Docs. 9 & 28-1, so this argument is inapplicable.

Because Bochra has an adequate, alternative remedy, he cannot proceed against the Department under the APA, and therefore the Court lacks subject matter jurisdiction over his claims that the Department mishandled his OCR complaint.[3]  Because amendment of this claim would be futile, the Court dismisses it with prejudice.  *See Stanard v. Nygren*, 658 F.3d 792, 800 (7th Cir. 2011) (finding refusal to allow amendment "eminently reasonable" when plaintiff failed to cure deficiencies in incomprehensible complaint); *Anderson v. Deutsche Bank Nat'l Tr. Co.*, No. 14 C 5474, 2014 WL 6806891, at *2 (collecting cases).

## B.    IHRA Definition of Anti-Semitism

The Department seeks dismissal of the IHRA definition of anti-Semitism claims on the basis that Bochra lacks standing.  Standing "is a threshold question in every federal case because if the litigants do not have standing to raise their claims the court is without authority to consider the merits of the action."  *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016) (citation omitted).  Standing consists of three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

---

[3] To the extent Bochra also seeks to challenge OCR's assignment of his claim to a Regional Office for review, failure to issue a timely decision, and/or failure to refer his case to the Department of Justice for investigation and prosecution, those actions (*if* they could be considered final agency actions) are within the Department's discretion and therefore not subject to judicial review under the APA.  *See* 5 U.S.C. § 701 (excluding "agency action . . . committed to agency discretion by law"); *Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("This Court has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."); *Webster v. Doe*, 486 U.S. 592, 601 (1988) (staff termination decision within agency director's discretion).

In *Spokeo*, the Supreme Court held that "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 341; *see also Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 39 (1976) (Article III standing requirements apply to APA claims); *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017) (no standing for "a statutory violation completely removed from any concrete harm or appreciable risk of harm"). Bochra alleges that the Department adopted an invalid definition of anti-Semitism in violation of the APA. The Department disputes Bochra's characterization that it "adopted" this definition as a rule[4] and denies that it differentiates between enforcement of anti-Semitic complaints versus other race or national origin complaints intermingled with religious discrimination allegations.

Putting this aside, even if the Court were to accept Bochra's allegation that the Department uses a faulty definition of anti-Jewish bias, Bochra does not (and cannot) allege any concrete injury because he based his discrimination complaint on his own national origin (a United States citizen born in Egypt who is a Coptic Christian). Doc. 28-1 at 8; Doc. 54-1 ¶¶ 1, 6. The OCR investigated that complaint over a period of years and found no evidence of discrimination or retaliation. Doc. 28-2. Bochra appealed, and OCR denied the appeal. Doc. 28-3. OCR did not use or discuss the IHRA definition in its deliberations. Docs. 28-2, 28-3. The Department did not use the contested definition in Bochra's situation, and a change in the Department's use of this definition would not provide him redress. *See Sierra Club v. Morton*, 405 U.S. 727, 739–740 (1972) (The APA requires "that the party seeking review must himself have suffered an injury" and does not "authorize judicial review at the behest of organizations or

---

[4] The Court agrees that this "non-binding definition," presented by Executive Order and referred to in a January 19, 2021, Department Question and Answer document is not a legislative rule subject to the APA's notice-and-comment requirement. *See* 5 U.S.C. § 553(b) (APA notice-and-comment requirement does not apply to "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice"); *Bd. of Trustees of Knox Cnty. Hosp. v. Shalala*, 135 F.3d 493, 500–501 (7th Cir. 1998) ("interpretive rule" stating how Secretary interpreted regulation and intended to apply it not subject to notice and comment because it did not "create law").

individuals who seek to do no more than vindicate their own value preferences through the judicial process"); *Hartigan v. Fed. Home Loan Bank Bd.*, 746 F.2d 1300, 1308 (7th Cir. 1984) (plaintiff trade association did not have standing to bring APA claim on behalf of members who were not harmed by the transaction). Because Bochra lacks standing and any amendment would be futile, the Court dismisses with prejudice his claims related to the IHRA definition. *See Tribble v. Evangelides*, 670 F.3d 753, 761 (7th Cir. 2012), *as amended* (Feb. 2, 2012) (district court did not abuse its discretion in denying futile amendment); *Estrada v. Reed*, 346 F. App'x 87, 89 (7th Cir. 2009) (same).

### C.    Case Processing Manual

The Department seeks dismissal of all claims related to changes to the Department's Manual on the basis that Bochra lacks standing to challenge three of the four changes because they did not affect him and because the APA notice and comment requirements do not apply to the remaining, merely procedural change. Bochra brings claims related to four Manual changes: (1) automatic dismissal of a discrimination complaint if it is part of a "pattern" of complaints by an individual against multiple recipients; (2) automatic dismissal of a discrimination complaint against multiple recipients if OCR determines that investigation would create an "unreasonable burden"; (3) elimination of appeal rights when the OCR finds insufficient evidence; and (4) a page limit for written appeals.

The Department argues that the first amended complaint does not allege that the Department applied any of the first three changes (automatic dismissal because of a pattern of complaints or unreasonable burden, and the elimination of appeal rights) to Bochra's complaint, and therefore he has suffered no injury and has no standing to challenge these changes. The Court agrees. The Department did not automatically dismiss Bochra's complaint; rather, it found

insufficient evidence of intentional discrimination or retaliation, and Bochra then submitted his appeal. Bochra cannot show an injury-in-fact sufficient to confer standing. *See Sierra Club*, 405 U.S. at 740 ("[A] party seeking review must allege facts showing that he is himself adversely affected."); *Hartigan*, 746 F.2d at 1308 (no standing when no injury to members). And because any amendment would be futile, the Court dismisses Bochra's claims related to the first three Manual changes with prejudice. *Estrada*, 346 F. App'x at 89 (District court "does not abuse [its] discretion by denying a futile amendment.").

As for the fourth Manual change, Bochra pleads that he complied with the 10-page appeal page limit and that this undercut his ability to make arguments and present evidence. The Department argues that this change was a procedural, rather than substantive, rule and therefore not subject to the APA's notice and comment requirements. The APA exempts from its general notice and comment requirement "rules of agency organization, procedure, or practice." 5 U.S.C. § 553(b). A rule change is procedural "if it does not alter the rights or interests of parties." *Inova Alexandria Hosp. v. Shalala*, 244 F.3d 342, 349 (4th Cir. 2001) ("a procedural rule for handling appeals" did not require notice and comment) (citation omitted) (internal quotation marks omitted). Rules like a page limitation, which proscribe "the manner in which the parties present themselves or their viewpoints to the agency" are procedural, not substantive. *Nat'l Sec. Counsel v. C.I.A.*, 931 F. Supp. 2d 77, 106–07 (D.D.C. 2013); *Saint Joseph Hosp. v. Shalala*, No. 99 C 7775, 2000 WL 1847976, at *5 n.6 (N.D. Ill. Dec. 15, 2000) (deadline to file an appeal not a substantive rule subject to notice-and-comment). The page-limit did not "change the substantive standards by which the [OCR] evaluates applications which seek a benefit that the agency has the power to provide." *Nat'l Sec. Counsel*, 931 F Supp 2d at 107 (citation omitted) (internal quotation marks omitted). Bochra disagrees with the page limit and argues

that it harmed his ability to win his appeal; however, this does not convert this procedural rule into a substantive one requiring public notice and the opportunity for comment under the APA. *See id.* ("[A]n otherwise-procedural rule does not become a substantive one, for notice-and-comment purposes, simply because it imposes a burden on regulated parties." (citation omitted) (internal quotation marks omitted)); *James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282 (D.C. Cir. 2000) ("[A]gency housekeeping rules often embody a judgment about what mechanics and processes are most efficient. This does not convert a procedural rule into a substantive one." (citation omitted) (internal quotation marks omitted)); *Nat'l Sec. Counsel*, 931 F. Supp. 2d at 106 ("This statutory exception for procedural rules was provided to ensure that agencies retain latitude in organizing their internal operations." (citation omitted) (internal quotation marks omitted)).

Bochra lacks standing to challenge the first three Manual changes, and he cannot bring an APA notice-and-comment challenge against a procedural rule. Because amendment would be futile, the Court dismisses with prejudice all Bochra's claims involving changes to the Manual. *See James Cape & Sons Co. v. PCC Const. Co.*, 453 F.3d 396, 401 (7th Cir. 2006) ("The district court could have quite reasonably believed that an amended complaint would suffer the same fatal flaws as the one before it, and that the "interests of justice" did not require permission to amend.").

## II. Procedural Due Process (Count VI)

Finally, the Department seeks dismissal of Bochra's Fifth Amendment procedural due process claim on the basis that he fails to identify any constitutionally protected property or liberty interest that might trigger due process protection. To establish a procedural due process violation, Bochra must plead: "(1) a cognizable property interest; (2) a deprivation of that

11

property interest; and (3) a denial of due process." *Hudson v. City of Chicago*, 374 F.3d 554,

559 (7th Cir. 2004) (quoting *Buttitta v. City of Chicago*, 9 F.3d 1198, 1201 (7th Cir. 1993)).

To state a claim under the Due Process Clause, Bochra must first establish a

constitutionally protected interest. *See Citizens Health Corp. v. Sebelius*, 725 F.3d 687, 694 (7th

Cir. 2013) ("The threshold question in any due process challenge is whether a protected property

or liberty interest actually exists."); *see also Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010)

("An essential component of a procedural due process claim is a protected property or liberty

interest." (citation omitted)). Bochra pleads that he has been deprived of his civil rights because

the Department did not provide a neutral decision-maker for his complaint, adopted the IHRA

definition of anti-Semitism, and amended the Manual without public notice and comment. Doc.

9 ¶¶ 133–35. A constitutionally protected liberty or property interest is not "created by the

Constitution." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Rather, it is created by

"existing rules or understandings that stem from an independent source such as state law." *Kim

Constr. Co. v. Bd. of Trs. of the Vill. of Mundelein*, 14 F.3d 1243, 1245–46 (7th Cir. 1994)

(property interest); *Paul v. Davis*, 424 U.S. 693, 711 (1976) (explaining courts find liberty or

property interests when, "as a result of the state action complained of, a right or status previously

recognized by state law was distinctly altered or extinguished. It was this alteration, officially

removing the interest from the recognition and protection previously afforded by the State, which

we found sufficient to invoke the procedural guarantees" of the Constitution.).

OCR's internal procedures do not create a liberty or property interest for Bochra. *See

Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional

purpose is to protect a substantive interest to which the individual has a legitimate claim of

entitlement."); *Olaifa v. McAleenan*, No. 18 CV 6801, 2019 WL 5183887, at *5 (N.D. Ill. Oct.

15, 2019) (dismissing due process claim alleging federal agency failed to follow certain guidelines).  Nor do they establish an entitlement in the outcome of the Department's review of his complaint.  *See Cevilla v. Gonzales*, 446 F.3d 658, 662 (7th Cir. 2006) (Even if the agency action was "so wacky as to constitute a denial of due process of law . . . a procedural entitlement is not a liberty interest.").

But even if the Court assumes a constitutionally protected interest, Bochra does not plead a lack of process.  Bochra contends that the Department either did not apply its Manual to him or applied its Manual differently to him (versus another student), adopted the IHRA definition, and amended the Manual, all of which injured him.  Doc. 54 at 96–97.  However, nothing in the first amended complaint suggests an actual lack of process.  Instead, OCR investigated Bochra's complaint by reviewing documents, interviewing witnesses, and engaging in extensive communications with him.  Bochra then exercised his appeal rights when OCR found insufficient evidence.  Bochra cannot state a procedural due process claim.  *See Anderson v. Cardona*, No. 5:20 CV 01824 VAPSP, 2021 WL 6423804, at *6–7 (C.D. Cal. Nov. 4, 2021) (dismissing *pro se* procedural due process claim when plaintiff disagreed with the outcome of his license revocation but did not plead any "facts to suggest a lack of process").

Because Bochra does not plead a constitutionally protected liberty or property interest, and because he cannot plead a lack of process, amendment would be futile, and the Court dismisses Bochra's procedural due process claim with prejudice.  *See Anderson*, 2021 WL 6423804, at *9 (recommending dismissal with prejudice because the pleading "could not possibly be cured by the allegation of other facts").

13

**III.    Class Claims**

Bochra styles his first amended complaint as one for class relief.  As a *pro se* litigant who is not a member of the bar admitted to practice before this Court, Bochra cannot seek to represent individuals beyond himself.  *Lawrence v. Sec'y of State*, 467 F. App'x 523, 525 (7th Cir. 2012) ("[P]*ro se* plaintiffs cannot represent others."); *Jagla v. LaSalle Bank*, No. 05 C 6460, 2006 WL 1005728, at *4 (N.D. Ill. Apr. 12, 2006) ("[C]ourts have uniformly refused to certify class actions brought by *pro se* plaintiffs.").  The Court already denied Bochra's motion to certify a class, finding that the action must proceed as an individual case.  Doc. 34.  Therefore, to the extent the first amended complaint pleads class claims, the Court dismisses those claims.

## CONCLUSION

For the foregoing reasons, the Court grants the Department's motion to dismiss [27].  The Court dismisses with prejudice Bochra's APA claims (Counts I–V) and procedural due process claim (Count VI).  Civil case terminated.

Dated: September 12, 2022

_____

SARA L. ELLIS
United States District Judge

14